IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD L. COMAGE, # S-03145, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-536-MJR |
| ) | |
| S. WHITE, J. DEMOND, ) | |
| MONJE, WATSON, ) | |
| K. BUTLER, LASHBROOK, ) | |
| S.A. GODINEZ, ) | |
| and WASHINGTON, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He claims that Defendant Washington, his cellmate, attacked and injured him. The other Defendants (all corrections officials) allegedly failed to protect him from this attack. The complaint is now before the Court for a merits review under 28 U.S.C. § 1915A.

According to the complaint, on February 2, 2015, Defendant Officer White completed his "count check" on Plaintiff's gallery at 11:00 p.m. (Doc. 1, p. 12). Some time after this, Defendant Washington told Plaintiff that he had to use the toilet. Plaintiff turned his back to his cellmate to allow him some privacy. Defendant Washington then attacked Plaintiff by beating him in the head, face, and body with a sock filled with bars of soap. Plaintiff attempted to defend himself, and Defendant Washington pulled out a metal ice pick knife and stabbed Plaintiff in the eye and cut his ear. Defendant White did not return to the gallery until 2:30 a.m.

Plaintiff contends that this "poor supervision" violated his constitutional rights, because Defendant White is "responsible for the supervision, security, and protection of all offenders" (Doc. 1, p. 13).

Plaintiff attaches a final summary report of the prison adjustment committee, which states that at 2:45 a.m. on February 3, 2015, Plaintiff and his cellmate were observed in their cell fighting (Doc. 1, p. 19). Defendant Demond wrote the incident report.

Plaintiff's theory of liability against the other Defendant officers is stated in similar language as the claim against Defendant White. Defendant Demond violated Plaintiff's rights because he has the same responsibility as Defendant White to protect inmates. *Id*. Defendant Monje supervises the security staff who failed to protect Plaintiff. Defendant Butler (warden) and Defendants Lashbrook and Watson (assistant wardens of operations) are likewise responsible for supervision of other officers and protection of inmates. Defendant Godinez (IDOC Director) is responsible because he is over all the staff and wardens. *Id*.

Because of the assault by Defendant Washington, Plaintiff has impaired vision in his left eye. He also suffers from post-traumatic stress, depression, and other psychological trauma, for which he is on medication (Doc. 1, pp. 12, 18). He seeks compensatory and punitive damages.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that

refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the factual allegations in Plaintiff's complaint, the Court concludes that it fails to state a claim upon which relief may be granted, and is subject to dismissal. However, Plaintiff shall be allowed one opportunity to submit an amended complaint, if he believes that facts exist to support a failure to protect claim against those Defendants who were personally involved in the events surrounding the attack. If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed with prejudice, and the dismissal shall count as a strike pursuant to § 1915(g). The amended complaint shall be subject to review pursuant to § 1915A.

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison

officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.*; *Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that the person who attacked Plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). Conduct on the part of an official that amounts only to negligence or inadvertence, however, is not enough to state a constitutional claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

Plaintiff's complaint contains no facts to suggest that any of the prison officials had been made aware that his cellmate (Defendant Washington) posed a threat to Plaintiff's safety. Nor does he include factual allegations to describe the conduct of any of the Defendants (other than Defendant White's failure to return to the gallery for several hours) in relation to the assault. Instead, he relies on conclusory statements regarding each Defendant official's general responsibility to protect inmates. As such, the pleading does not support a constitutional claim against any of the Defendant officials for failing to protect Plaintiff from the attack.

According to the complaint and exhibit, Defendants White and Demond were on

duty in Plaintiff's housing area when Plaintiff was attacked.  However, there is no indication that Defendants Monje, Watson, Butler, Lashbrook or Godinez were present near the time of the assault, or had any personal involvement in any action or inaction that failed to prevent the attack.  Plaintiff seeks to hold each of these individuals liable only on the basis that they held supervisory authority over Defendants White and/or Demond.  However, the doctrine of *respondeat superior* (supervisory liability) is not applicable to § 1983 actions.  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).  The complaint does not suggest that any of these Defendants was "personally responsible for the deprivation of a constitutional right."  *Id.*  Accordingly, Defendants Monje, Watson, Butler, Lashbrook and Godinez shall be dismissed from this action without prejudice.

Finally, Defendant Washington, who is a fellow prisoner, shall be dismissed from the action with prejudice.  A plaintiff cannot proceed with a federal claim under § 1983 against a non-state actor.  *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 852-53 (7th Cir. 2003).  A civil rights claim may only proceed against a person who was "acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48-49 (1988) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'") (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)).  Defendant Washington, by any stretch of the imagination, was not a "state actor" and is not a proper defendant in a civil rights case.

**Pending Motions**

Plaintiff has filed a motion for recruitment of counsel (Doc. 3).  The dismissal of the complaint without prejudice presents the question: Is Plaintiff capable of drafting a viable

amended complaint without the assistance of counsel?

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff's motion indicates that he has made some effort to secure counsel; he has written an unspecified number of letters to potential attorneys. He includes only one response, which required him to pay a $3,000.00 fee before the law firm would evaluate his case (Doc. 3, p. 3). He cannot afford that sum. The limited information Plaintiff provides is not sufficient for the Court to conclude that his attempts to secure counsel have been reasonable.

Turning to the second part of the inquiry, Plaintiff reveals that he has attended

some college. Asked to explain why he needs the assistance of counsel, he states that "self representation carries certain responsibilities and risk that I do not know about – I also do not know the procedures that govern the court process" (Doc. 3, p. 2). He also notes that he is currently taking three medications: Trazadone, Lithium, and Loxitane. *Id*.

At this juncture, the Court is merely concerned with whether this action can get out of the gate, so to speak. The complaint reflects that Plaintiff is articulate and capable of stating the facts that are relevant to his legal claim for failure to protect him from the assault. This is all that is needed at the pleading stage. Neither Plaintiff's lack of knowledge of Court procedures nor his current medications appear to present any hindrance to his ability to re-draft his complaint. Therefore, the recruitment of counsel is not warranted at this time and the motion (Doc. 3) is **DENIED** without prejudice. The Court will remain open to appointing counsel if the case progresses based on Plaintiff's amended complaint.

Because the complaint shall be dismissed, the motion for service of process at government expense (Doc. 4) is **DENIED AS MOOT.** If Plaintiff submits an amended complaint that survives review under § 1915A, service shall be ordered on the appropriate Defendants. No motion is required.

**Disposition**

The Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendants **MONJE, WATSON, BUTLER, LASHBROOK,** and **GODINEZ** are **DISMISSED** from this action without prejudice. Defendant **WASHINGTON** is **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 35 days of the entry of this order (**on or**

**before July 10, 2015**). It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "First Amended Complaint" and include Case Number 15-cv-536-MJR. Plaintiff shall specify, *by name*,[1] each Defendant alleged to be liable under each claim, as well as the actions alleged to have been taken by that Defendant. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions. Plaintiff shall not include any claim against the dismissed Defendant Washington. He may include claims against a Defendant who has been dismissed without prejudice (Monje, Watson, Butler, Lashbrook, and Godinez) only if that Defendant was personally responsible for failing to protect Plaintiff from the assault.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

---

[1] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 5, 2015**

> *s/ Michael J. Reagan*
> Chief Judge
> United States District Court