**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **RONALD L. COMAGE, # S-03145,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-536-MJR** |
| | ) | |
| **S. WHITE,** | ) | |
| **and HOF,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is before the Court for consideration of Plaintiff's First Amended Complaint (Doc. 12), filed at the direction of the Court after the original complaint was dismissed for failure to state a claim upon which relief may be granted (Doc. 9). The amended complaint is subject to review pursuant to 28 U.S.C. § 1915A, which requires the Court to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

**The Amended Complaint (Doc. 12)**

Plaintiff's claims arose during his incarceration at Menard Correctional Center ("Menard"). Since he filed the amended complaint, Plaintiff has been released from prison (Doc. 14).

In the amended complaint, Plaintiff states that on February 2, 2015, Defendant Officer White completed his "count check" on Plaintiff's gallery at 11:00 p.m. (Doc. 12, p. 5). Defendant White did not return to the gallery until 2:30 a.m. After Defendant White's departure,

Plaintiff's cellmate told Plaintiff that he had to use the toilet.  Plaintiff turned his back to his cellmate to allow him some privacy.  The cellmate then attacked Plaintiff by beating him in the head, face, and body with a sock filled with bars of soap.  Plaintiff attempted to defend himself, but the cellmate pulled out a metal ice pick knife and stabbed Plaintiff in the eye and cut his ear.  This attack continued on and off for hours, during which time Plaintiff screamed and yelled for help, but got no response.  Plaintiff contends that Defendant White's "poor supervision" violated his constitutional rights (Doc. 12, p. 5).

Further, Plaintiff explains that on July 10, 2014, when he was first transferred to Menard, he informed Defendant Hof that he is a homosexual and needed to be placed in protective custody for his safety (Doc. 12, p. 6).  Officer Hof denied that request.  Plaintiff subsequently wrote a grievance complaining about his placement in general population.  On or about December 1, 2014, Plaintiff wrote to Defendant Hof to again request placement in protective custody.  Plaintiff's letter went unanswered.  Plaintiff claims that his cellmate attacked him because of his homosexuality, and that Defendant Hof failed to protect him from this known risk.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Plaintiff's claim against Defendant Hof for failure to protect him from the cellmate's attack (**Count 1**) survives threshold review, and shall proceed for further consideration.  It is well established that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners."  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006).  In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants

acted with "deliberate indifference" to that danger. *Id.*; *Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, an official had to know that there was a substantial risk that Plaintiff would come under attack, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). This is exactly what Plaintiff alleges with regard to Defendant Hof.

A defendant in a failure to protect claim cannot "escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Farmer*, 511 U.S. at 843 (a substantial risk of harm to a prisoner may exist where he "faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk"); *see also Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011) ("[p]rison officials who recklessly expose a prisoner to a substantial risk of a serious physical injury violate his Eighth Amendment rights"). At this early stage of Plaintiff's case, his allegation that being a homosexual put him at risk of attack while he was housed in general population is enough to warrant further review of his claim against Defendant Hof. **Count 1** against Defendant Hof, for failure to protect Plaintiff from attack after he requested protective custody based on his sexual orientation, shall receive further consideration.

On the other hand, Plaintiff's claim against Defendant White for his "poor supervision" during the time Plaintiff suffered the attack (**Count 2**) does not survive § 1915A review. Conduct on the part of an official that amounts only to negligence or inadvertence does not violate the Constitution. *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006) (discussing

*Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).  Leaving the cell gallery unattended for approximately three hours may have shown negligence or inadequate supervision on the part of Defendant White.  But Plaintiff's factual summary does not suggest that Defendant White had any actual knowledge that Plaintiff was being assaulted by his cellmate, or any awareness that the cellmate or any other inmate posed a threat to Plaintiff.  In the absence of such knowledge, no constitutional claim can be sustained against Defendant White.  **Count 2** and Defendant White shall therefore be dismissed from this action without prejudice.

## Pending Motion

Before he submitted the First Amended Complaint, Plaintiff filed a "Motion for Discovery to Subpoena and Admit Evidence" (Doc. 11).  In the motion, Plaintiff asks to subpoena the Menard Correctional Center in order to obtain the photographs taken of his injuries sustained in the February 3, 2015, attack; the disciplinary ticket that was issued for fighting on that date; unspecified "documentation of officer" (Doc. 11, p. 1); and his own mental health progress notes file from the dates of January 23 to May 31, 2015.  Plaintiff also submits several pages of mental health notes which he requests to add to the record (Doc. 2, pp. 4-9).  Finally, he cites the Prisoner Litigation Reform Act and case law as additional "supporting evidence" for his claim.

The portion of the motion seeking to "admit evidence" (Doc. 11) is **GRANTED** insofar as Plaintiff's documents are now part of the record, and the Court is aware of the legal authority he cites in the motion.

The part of the motion seeking the issuance of subpoenas is also **GRANTED** as follows:  The Clerk must issue subpoenas on request of a party.  Fed. R. Civ. P. 45(a)(3).  However, the Court has an obligation to protect persons subject to a subpoena and may preview

subpoenas in order to ensure that the Court's subpoena power is not being abused.  FED. R. CIV. P. 26(b)(2)(C); *Marozsan v. United States*, 90 F.3d 1284, 1290 (7th Cir. 1996); FED. R. CIV. P. 45(c).  The Clerk is **DIRECTED** to provide Plaintiff with four subpoena forms, blank and unsigned.  Plaintiff shall complete the forms and submit them to the Court for review and approval.  Plaintiff shall take appropriate steps to avoid imposing undue burden or expense on a person subject to subpoena and shall restrict his requests to information that is relevant to the claims or defenses.  Plaintiff is **ADVISED** to review Rule 45 of the Federal Rules of Civil Procedure.

In addition, the Clerk is **DIRECTED** to mail Plaintiff the Court's revised form Motion for Recruitment of Counsel.  Plaintiff may use this form if he wishes to renew his request for the Court to consider whether recruitment of counsel is warranted.

**Disposition**

**COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  Defendant **WHITE** is **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendant **HOF**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 16, 2016**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court